IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOHNNY LLOYD, | ) ) ) | |
| Petitioner, | ) ) | No. 11 C 952 |
| v. | ) ) | Judge Robert W. Gettleman |
| RANDY DAVIS, Warden, Pickneyville Correctional Center, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Johnny Lloyd, an inmate incarcerated at the Pickneyville Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 18, 2010, respondent Randy Davis filed a motion to dismiss the petition as time-barred, to which petitioner has failed to respond by either the first deadline set by the court (May 5, 2011) or the second (July 29, 2011). Because the petition is clearly time-barred, the court grants respondent's motion to dismiss with prejudice and declines to issue a certificate of appealability.

## BACKGROUND

After a jury trial in the Circuit Court of Cook County, petitioner was convicted of attempted first-degree murder, aggravated battery of a senior citizen, and armed robbery, and was sentenced to consecutive terms of thirty years' imprisonment for attempted murder and twenty years' imprisonment for armed robbery. On direct appeal, petitioner's appointed appellate counsel (a Cook County public defender), filed a petition for leave to withdraw pursuant to Anders v. Calfornia, 386 U.S. 738 (1967). Agreeing with petitioner's counsel that there were no meritorious issues for appeal, the Illinois Appellate Court granted counsel's

motion and affirmed petitioner's convictions and sentences. Order, People v. Lloyd, No. 01-99-0925 (Ill. App. Ct. Sept. 21, 2000) (corrected). Petitioner claims he filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court, which was denied, but he failed to attach to his habeas petition a copy of that petition or the Illinois Supreme Court's order denying it. Respondent reports that he has been unable to locate any record of that PLA. Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

Petitioner next filed a pro se postconviction petition under 725 Ill. Comp. Stat. 5/122-1, et seq., in the Circuit Court of Cook County. That court appointed the Cook County Public Defender to represent petitioner. Petitioner's appointed counsel filed a supplemental petition. The trial court granted the State's motion to dismiss. See Order, People v. Lloyd, No. 1-05-3262, at 4 (Ill. App. Ct. Feb. 22, 2007). Petitioner appealed, and the Illinois Appellate Court affirmed. Id. at 8. Petitioner filed a PLA, which the Illinois Supreme Court denied. Order, People v. Lloyd, No. 104396 (Ill. Sept. 30, 2009). Again, petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On November 10, 2011, petitioner placed a petition for writ of habeas corpus in the Logan Correctional Center mailbox, and the petition was received by the United States District Court for the Southern District of Illinois on November 16, 2010. Respondent argues that petitioner failed to comply with Rule 3(d) of Rules Governing Section 2254 Cases in the United States District Courts, but whether petitioner complied with Rule 3(d) is irrelevant to the outcome of respondent's motion to dismiss. On February 9, 2011, the petition was transferred to this court.

**DISCUSSION**

I.      **Respondent's Motion to Dismiss Petitioner's § 2254 Petition**

Petitioner has moved to dismiss with prejudice, arguing that the petition is untimely under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. The Illinois Appellate Court denied petitioner's direct appeal on September 14, 2000, and in the absence of any evidence to the contrary, the court concludes that petitioner failed to file a PLA on direct review. Under the version of Illinois Supreme Court Rule 315(b) in force at the relevant time, petitioner had 21 days to file a PLA or an affidavit stating his intent to file a PLA.[1] Petitioner's direct review thus became final on October 5, 2000, 21 days after the Illinois Appellate Court denied his direct appeal. From that time, petitioner had one year to file his habeas petition, but he had failed to file a petition by October 5, 2001. 28 U.S.C. § 2244(d)(1)(A).[2] Because petitioner did not file his postconviction petition until January 12, 2002, well after the limitations period had expired, that petition did not toll the one-year limitations period. 28 U.S.C. § 2244(d)(2). And as respondent points out, even if that postconviction petition tolled the statute of limitations, that would not render the instant petition timely, because 868 days of untolled time passed between the date petitioner's conviction became final and the date on which he filed the instant habeas petition.[3]

---

[1] This rule has since been amended (effective July 1, 2006) to allow an appellant 35 days to file a PLA.

[2] Petitioner has not alleged that any of § 2244(d)(1)(B)-(D)'s exceptions apply, nor has the court determined any basis for applying any of those provisions in calculating the statute of limitations.

[3] 463 untolled days passed between final judgment and the filing of the postconviction petition, and another 405 days of untolled time elapsed between the Illinois Supreme Court's denial of his postconviction PLA and the date petitioner mailed his habeas petition.

3

Petitioner is not entitled to equitable tolling, which excuses an untimely petition only when a petitioner demonstrates, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) (internal quotations and citation omitted); see, e.g., Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010). The instant habeas petition includes no facts suggesting that extraordinary circumstances prevented petitioner from timely filing despite his diligent pursuit of his rights, nor are any such facts suggested by the record presented to the court.

## II.   Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability only if he has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665, 667 (7th Cir. 2009). To make that showing, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the court has denied a habeas petition on procedural grounds without reaching the petition's underlying constitutional claims—as is the case here—a petitioner must also show that jurists could debate whether the court's procedural ruling was correct. Id. at 484-85.

Here, as explained above, petitioner's claim is time-barred. Petitioner has not shown, nor would he be able to show, that reasonable jurists could debate that this court should have

resolved that question in a different manner. The court therefore declines to issue a certificate of appealability.

## **CONCLUSION**

For the reasons discussed above, the court grant's respondent's motion and dismisses with prejudice the petition for a writ of habeas corpus. The court declines to issue a certificate of appealability.

**ENTER: October 14, 2011**

_____
**Robert W. Gettleman
United States District Judge**